**In re Howard Leroy WILCOX, Elizabeth B. Wilcox, Debtors.**

**Howard Leroy WILCOX, Elizabeth B. Wilcox, Movants,**

**v.**

**UNITED STATES of America, Respondent.**

**Bankruptcy No. 83–60124–THOM.**

United States Bankruptcy Court, M.D. Georgia, Thomasville Division.

Dec. 27, 1985.

Walter W. Kelley, Albany, Ga., for movants.

Lillian H. Lockary, Asst. U.S. Atty., U.S. Dept. of Justice, M.D. Georgia, Macon, Ga., for respondent.

MOTION TO REOPEN CASE AND COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS

ALGIE M. MOSELEY, Jr., Bankruptcy Judge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On September 25, 1985, the above-named Debtors filed a motion to reopen their closed case in which they had obtained a discharge in bankruptcy. An amended motion to reopen was filed on October 11, 1985, which is the same as the original motion to reopen except there has been added a Count II. The original case was filed on September 26, 1983, and the discharge was granted and the case was closed on September 25, 1984. The motion to reopen was for the purpose of adding two creditors alleged to have been inadvertently omitted from the original bankruptcy case, and those two debts are a debt to the United States Department of Education for an educational loan to Elizabeth B. Wilcox in the amount of $1,649.97. The other debt is a debt to the Veterans Administration for payment as guarantor of a home loan in the amount of $8,991.16. It was mutually agreed at the commencement of the trial that, in addition to a determination of whether the motion to reopen should be granted, the Court could proceed to determine the dischargeability of the respective debts, as the issues on reopening the case and dischargeability would be the same. The Court has concluded that this joint case should be reopened to accord relief to the Debtors as provided by 11 U.S.C. § 350(b), and, further, that the debt of Mrs. Wilcox for the educational loan is dischargeable, as it will impose an undue hardship as provided in 11 U.S.C. § 523(a)(8)(B), and has also concluded that the debt to the Veterans Administration is dischargeable.

Mrs. Wilcox is fifty-two years old, has diabetes, suffers from crippling arthritis, and is confined to a wheelchair. Of necessity, therefore, she is unemployed. Mr. Wilcox is employed, making $160.00 per week, and he and Mrs. Wilcox receive $250.00 per month in food stamps. Mrs. Wilcox's debt to the Department of Education first became due in August of 1977, but she did not receive notice of the amount due until June 29, 1985, approximately one year after the discharge had been entered and the bankruptcy case closed. It is easily understandable that the Debtors would have overlooked this six-year-old debt when they were preparing their schedules for the filing of the Chapter 7 bankruptcy case on September 26, 1983.

At the trial, the only witness was Debtor, Mr. Wilcox, because of Mrs. Wilcox's physical condition and confinement to a wheelchair, she could not be present. In the original bankruptcy case, the United States Department of Education was not listed as a creditor of the Debtors, because she thought it had, in fact, been paid, and no request for payment was ever received

by Mrs. Wilcox until June 29, 1985 after the bankruptcy. From these facts, it is clear to the Court that the debt to the Department of Education was inadvertently omitted, that the case should be re-opened to add the Department of Education, and, further, to require payment of the educational loan would be an undue hardship.

■ As to the Veterans Administration guarantee of the home loan, Mr. Wilcox received a notice from the Veterans Administration on September 30, 1985 that $8,991.16 was due. Prior to that they had received no notice of any amount being due. The Wilcoxes' twenty-one-year-old son lives with them, is actively seeking work, but at the present time is not employed. Promptly upon learning of the claims of the Veterans Administration and the Department of Education, Mr. Wilcox conferred with his attorney who had represented him in the 1983 bankruptcy case. Percy Wilson Mortgage Company in Jacksonville, Florida was the lender of the Veterans Administration guaranteed loan for a mobile home, and the mortgage had been foreclosed by Percy Wilson Mortgage Company before the filing of the original bankruptcy case. The mobile home was originally at the Tampa, Florida Mobile Home Park, but was moved to Brooksville, Florida at the time of the foreclosure. The foreclosure took place in 1982, about a year prior to the filing of the original bankruptcy case. Mr. Wilcox knew at the time the loan was made that it was guaranteed by the Veterans Administration. At the time of the filing of the original bankruptcy case, Mr. Wilcox was aware of a deficiency after the foreclosure sale. In scheduling the debt to Percy Wilson Mortgage Company, the Debtor put down on his schedules the full amount of the loan, which was $16,075.49, instead of the deficiency although, in fact, there was a deficiency of only some $8,000.00. During the course of the hearing, the United States did not have any of the loan instruments for the Veterans Administration's guaranteed loan to offer into evidence, and the record was left open to permit the Veterans Administration to submit an affidavit, but said affidavit, the Court was later was informed, would not be forthcoming.

As to the dischargeability of the debt to the Veterans Administration, the Court must conclude that the burden, which is upon the United States, has not been carried. There were no witnesses that appeared in behalf of the Veterans Administration, and the affidavit for which the record was left open has never been submitted. The affidavit was intended to show that the Veterans Administration did not have actual notice, and this is different from the agreed fact that no notice of bankruptcy was mailed from the Clerk's Office to the Veterans Administration. It appears to the Court that somewhere during the course of the foreclosure proceeding that the Veterans Administration was aware of the foreclosure and was promptly aware of the deficiency but waited more than two years to notify Mr. Wilcox of that deficiency. The Court further concludes that notice of the bankruptcy to the principal creditor, Percy Wilson Mortgage Company, was notice to the Veterans Administration, which had guaranteed the loan. All of the payments and dealings had been made to Percy Wilson Mortgage Company, and it is understandable that the Debtor, preparing his schedules, scheduled only creditors to whom he, in fact, owed or paid money. Upon the receipt of the notice of bankruptcy by Percy Wilson Mortgage Company, the Court deems it the duty of Percy Wilson Mortgage Company to inform the Veterans Administration of the bankruptcy. From aught that appears from the showing by the United States, this may have, in fact, been what happened.

■ From the Court's experience, people in the income level as the Debtors in this case, even if they had recalled the guarantee of the Veterans Administration, would have been unable to ascertain where notice should have been sent. Under the circumstances in this case, this Court is reluctant on this skimmpy record to deny Debtors a new start and burden the Debtors with

some $10,000.00 of debt which Debtors could never pay, be only further impoverished if they could pay, and which the United States should know that if the debt were determined to be nondischargeable, it would never be collectable. The Court, accordingly, determines that the debt to the Department of Education is dischargeable as being an undue hardship, and as to the debt to the Veterans Administration, the United States has failed to carry its burden of proof, and both debts are found to be dischargeable.

An order is entered simultaneously herewith.